IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| AARON GLAESER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 3-05-1043 |
| | ) JUDGE WISEMAN/JUDGE GRIFFIN |
| | ) |
| CHEATHAM COUNTY, TN & | ) |
| JASON LITTLEJOHN | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OF LAW IN SUPPORT
OF DEFENDANTS' MOTION TO COMPEL**

Come now the Defendants, Cheatham County, Tennessee and Jason Littlejohn, by and through counsel, and pursuant to Federal Rule of Civil Procedure 37(a)(2) and submit this memorandum of law in support of Defendants' Motion to Compel and for sanctions.

**FACTS**

This is a 42 U.S.C. §1983 action against Defendants, Cheatham County, Tennessee and Deputy Jason Littlejohn, brought by the Plaintiff for alleged use of excessive force. Pursuant to Federal Rule of Civil Procedure 26(a)(1), the Plaintiff, on or about May 3, 2006, served upon counsel for the Defendants Plaintiff's initial disclosures. Therein, in Section (B) entitled <u>Documents Relevant to Disputed Facts</u>, the Plaintiff indicated that medical records and billing statements related to injuries of the Plaintiff are forthcoming. (See Plaintiff's Initial Disclosures, attached as Exhibit "A"). In Section (D) of Plaintiff's initial disclosures with respect to the computation of damages, the Plaintiff responded "to be determined." <u>Id</u>. To date, said incomplete responses have not been supplemented and no documentation has been provided to these Defendants.

On September 6, 2006, counsel for Defendants sent a letter to counsel for Plaintiff requesting that Plaintiff complete and/or supplement his initial 26(a)(1) disclosures. (See September 6, 2006 letter, attached as Exhibit "B"). Additionally, counsel for Defendants have requested that counsel for Plaintiff contact him to discuss this discovery dispute on October 30, 2006, but no response was received by counsel for Defendants. (See October 30, 2006 letter, attached as Exhibit "C"). Finally, on November 2, 2006, counsel for Defendants, again, sought contact from counsel for Plaintiff regarding the outstanding discovery, but no response has been received as of the filing of this motion. (See November 2, 2006 letter, attached as Exhibit "D").

## LEGAL STANDARD

Federal Rule of Civil Procedure 37(a)(2)(A) permits a party to apply for an order to compel disclosure and for appropriate sanctions if a party fails to make a disclosure required pursuant to Rule 26(a). If the response is incomplete or evasive, it is deemed a failure to respond. F.R.C.P. 37(a)(3). The moving party in a motion to compel must certify that it has attempted to confer in good faith in an effort to secure the information and/or documentation. F.R.C.P. 37(a)(2)(B). If such an order is granted, the Court must require the nonmoving party to pay reasonable expenses in the making of the motion, including attorney's fees. F.R.C.P. 37(a)(4); Jackson v. Nissan Motor Corp., 121 F.R.D. 311(M.D. Tenn. 1988).

## LAW AND ARGUMENT

As of the date of this motion, the Plaintiff had not responded to or answered completely the following initial disclosures set forth pursuant to F.R.C.P. 26(a)(1):

1. A copy of, or a description by category and location of, all documents, dated compilations, and tangible things that are in the possession, custody or control of the parties and that the disclosing party may use to support its claims or defenses, unless solely for impeachment; and

2. A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, which such computation is based, including materials therein on the nature and extent of injuries suffered.

Pursuant to the initial case management order entered in this matter, these initial disclosures were due within 30 days of the initial case management conference, which was held on March 30, 2006.

In this matter, Defendants have attempted to confer in good faith with Plaintiff, by and through Plaintiff's counsel, to obtain the responses to the initial disclosures that are lacking and without resorting to a motion to compel. Unfortunately, Plaintiff's counsel has failed to respond to Defendants' counsel's repeated requests to discuss this issue. It cannot reasonably be argued by Plaintiff that he has no knowledge that the initial disclosures are outstanding and overdue. Additionally, this Honorable Court has imposed a deadline for discovery related motions to be filed no later than November 6, 2006. The Plaintiff's failure to produce the required information in his initial disclosures has prejudiced these Defendants simply because the Defendants have no knowledge or way to ascertain the amount of damages related to the Plaintiff's medical expenses.

The Plaintiff's continued refusal to answer the initial disclosures run directly counter to the obligations under the Federal Rules of Civil Procedure. "Rule 26(e)(1) imposes a duty upon a party to supplement at appropriate intervals, its disclosures, when a party learns that a response to an interrogatory is in some material respect incomplete or incorrect and if additional correct information has not otherwise been made known to the other parties during the discovery process in writing." Provident Life & Accident Ins. Co. v. ADI, 176 F.R.D. 246, 251 (E.D. Mich. 1997). In addition, "Rule 37(c)(1) prohibits a party, who without substantial justification failed to disclose information required by Rule 26(e)(1), from introducing at trial any evidence not previously

disclosed, unless failure of that party to disclose the evidence is harmless." Id. The Plaintiff has provided no justification for refusing to provide the initial disclosures and documentation required by F.R.C.P. 26(a)(1).

## CONCLUSION

Based on the foregoing, Defendants, Cheatham County, Tennessee and Jason Littlejohn, respectfully request that the Court enter an order as follows:

1. Compelling Plaintiff to appropriately provide answers and/or documentation as provided in F.R.C.P. 26(a)(1)(B) and (C) within ten (10) days or risk dismissal of his cause of action pursuant to F.R.C.P. 37;

2. Award Defendants the fees and costs incurred in connection with their efforts to obtain Plaintiff's compliance with the discovery rules in an amount to be determined by the Court based upon the affidavit of services to be provided by Defendants' counsel prior to the hearing on this motion.

Respectfully submitted,

**ORTALE, KELLEY, HERBERT & CRAWFORD**

/s/ W. Carl Spining
**W. CARL SPINING, #16302**
Attorney for Defendants
200 Fourth Avenue North
Third Floor – Noel Place
P.O. Box 198985
Nashville, Tennessee 37219-8985
(615) 256-9999

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was sent via electronic service to the attorney for the Plaintiff, Adam Wilding Parrish, Esq., 110 South Cumberland, Lebanon, TN 37087 on this the 6th day of November, 2006.

/s/ W. Carl Spining
W. Carl Spining