IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| AARON GLAESER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3-05-1043 |
| ) | JUDGE WISEMAN/JUDGE GRIFFIN |
| ) | JURY DEMAND |
| CHEATHAM COUNTY SHERIFF'S ) | |
| DEPARTMENT, MUNICIPAL ) | |
| GOVERNMENT OF CHEATHAM ) | |
| COUNTY & JASON LITTLEJOHN ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS**

Come the Defendants, Cheatham County Sheriff's Department, Municipal Government of Cheatham County and Jason Littlejohn (hereinafter "Cheatham County" and "Deputy Littlejohn"), by and through counsel and pursuant to LR 7.01(b) and submits their reply to the response filed by Plaintiff in this matter.

**I. The Heck doctrine is clearly applicable to the case at bar.**

First, the Plaintiff argues that Defendants' reliance on the U.S. Supreme Court case, Heck v. Humphrey, 512 U.S. 477 (1994) is error since the instant case "does not relate to the Plaintiff's conviction, imprisonment, nor does it seek to invalidate the underlying conviction." In further support of Plaintiff's argument, Plaintiff offers two cases from the Fourth and Fifth Circuits. Respectfully, however, it is Plaintiff who misinterprets and misapplies the Heck doctrine. As set forth in Defendants' Motion to Dismiss, the U.S. Supreme Court in Heck clearly set forth the principle that a 42 U.S.C. § 1983 claim is not cognizable in the face of a "claim for

**EXHIBIT**

1

damages bearing that relationship to a conviction or sentence that has not been. . .invalidated." Id. at 487. Again, the court in Heck noted that "in order to recover damages for unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid* a § 1983 plaintiff must prove that the conviction or sentence has been reversed. . ." Id. at 486-87 (emphasis added). Furthermore, the court in Heck noted a situation closely analogous to the case at bar when describing the "other harm." See Id. at n. 6. Simply, the court's holding in Heck is not so limited as suggested by Plaintiff.

In support of Plaintiff's improper interpretation of Heck, Plaintiff submits two cases from other jurisdictions to support the proposition that his §1983 claim for excessive force is "actionable even when the arrest that precipitated the case was legal and the conviction was obtained." Given the facts in this case, such a proposition is simply not supported by the law. For instance, Plaintiff submits the case, Ridley v. Leavitt, 631 F.2d 358 (4th Cir. 1980) for such a proposition. That case, however, is clearly distinguishable. In Ridley, the plaintiff alleged a § 1983 claim resulting from an alleged severe beating by six deputy sheriffs and other mistreatment while the plaintiff was confined as a pretrial detainee. Notably, while in detention the plaintiff was charged and convicted of three counts of assault. The Fourth Circuit held that the plaintiff's §1983 was not barred by doctrines of res judicta and collateral estoppel since the issue of excessive force was not "distinctly put in issue and directly determined in the criminal prosecution." Id. at 359.

The Ridley case differs from the case at bar because, in this case, the Plaintiff's allegation of excessive force is directly related to same nucleus of facts involved in his criminal prosecution and subsequent guilty plea for reckless endangerment. As opposed to the Fourth Circuit's decision in Ridley, the issue of excessive force utilized by Deputy Littlejohn in arresting Plaintiff

2

for the very crimes for which he plead guilty was and is relevant to his criminal prosecution such that a determination in his favor on his § 1983 claim would necessarily render his criminal conviction invalid. This, pursuant to the doctrine in Heck, Plaintiff cannot do unless he shows that his conviction was overturned or expunged.

The Plaintiff's second case upon which he relies to support his offered proposition of law is Smith v. Hearod, 498 F.2d 663 (5th Cir. 1974). There, the plaintiff sued two police officers for use of excessive force in making an otherwise lawful arrest. The jury found for the plaintiff on his personal injury claim, which was affirmed by the Fifth Circuit. Notably, the issue on appeal was whether the trial court's jury instructions were prejudicial to the defendants. Finding no prejudice to the defendants or harmless error in the instructions, the Fifth Circuit affirmed. Importantly, the Fifth Circuit did not address the issue that was addressed by the U.S. Supreme Court in Heck twenty years later. Although in Smith, the plaintiff conceded that his arrest was lawful, such a fact (and the outcome of that case) is contrary to the Heck doctrine. Notwithstanding that the Smith case fails to support the Plaintiff's proposition of law in this case, the Smith case was decided twenty years before the Heck case. Thus, the Fifth Circuit's holding in Smith is not applicable and not persuasive in the instant matter.

The Plaintiff argues that Tenn. Code Ann. § 39-13-103 presents a jury question, which is not proper in the face of a Rule 12 motion to dismiss. However, such an argument does not support the Plaintiff in the least, and it further supports the U.S. Supreme Court's holding in Heck. Again, if a jury were to find that Plaintiff did *not* place Deputy Littlejohn in imminent danger of death or serious bodily injury, then such a finding would necessarily render Plaintiff's conviction of "reckless endangerment – deadly weapon involved" invalid. There is no way that the Plaintiff may maintain the present § 1983 suit against the Defendants without attacking the

validity of his criminal conviction, to which Plaintiff plead guilty. The Heck doctrine does, contrary to the Plaintiff's argument, apply to this case such that the Plaintiff's claims against the Defendants must be dismissed without a showing that the Plaintiff's underlying criminal conviction has been overturned or expunged.

## II.     The doctrine of collateral estoppel applies in the instant case.

Plaintiff's argument that the doctrine of collateral estoppel does not apply in this case is the same or similar to his argument that the Heck doctrine does not apply. Plaintiff specifically argues that estoppel does not apply because the Plaintiff is not seeking to modify or reverse his criminal conviction and that he is merely trying to seek civil damages for injuries sustained during his arrest. Again, the Plaintiff confuses the case law and the sound reasoning underlying the doctrine of collateral estoppel, which is to preclude multiple suits on issues that should have been litigated in the same suit.

Specifically, Plaintiff argues that his guilty plea of reckless endangerment has no preclusive effect on his ability to come back into court and seek damages for excessive force subsequent to his criminal conviction. It should be noted that Plaintiff admits in his brief that the issues in the underlying criminal conviction of reckless endangerment and in the instant § 1983 suit arise from the same incident. As such, the Plaintiff's attempt at a "second bite at the apple" is prohibited by the doctrine of collateral estoppel. As argued in Defendants' motion, the Plaintiff had ample opportunity to argue that he did not commit the offense of reckless endangerment in his underlying criminal case. He further had opportunity in the criminal proceeding to argue that Deputy Littlejohn used excessive force while attempting to arrest him. Plaintiff did not raise any defenses or challenges in the criminal proceeding. Instead, he pled guilty. Of course, Plaintiff could not have raised any counterclaims against Defendants in the

criminal proceeding regarding his personal injuries. However, Plaintiff could have utilized such defenses and attempted to have the charge of reckless endangerment dismissed. If so, Plaintiff would have had tort claims available to him to address his civil claims. The doctrine of collateral estoppel now operates to prohibit Plaintiff from attempting to do now what he should have done in the earlier criminal case.

The application of the doctrine of collateral estoppel in this case is similar to the application of the Heck doctrine. Both seek to prevent subsequent, improper challenges of a previous adjudication on the merits. Because the civil allegations that Plaintiff seeks against Defendants are part and parcel of the underlying state criminal charge and proceeding, Plaintiff is now estopped from arguing a defense, couched in terms of a § 1983 claim, that would necessarily render his underlying criminal conviction invalid. Plaintiff's argument that the doctrine of collateral estoppel does not apply in this case is not supported by the facts or case law. As such, the Defendants' motion must be granted.

**III.    The Defendants are qualified to qualified immunity where the Plaintiff has failed to identify a constitutional violation as a matter of law.**

In Plaintiff's response, he appears to merely address the first prong of the qualified immunity analysis set forth by the U.S. Supreme Court in Saucier v. Katz, 533 U.S. 194 (2001). The Plaintiff appears to argue that Defendants' conduct, taken in the light most favorable to the plaintiff, violated a constitutionally protected right. Nevertheless, the Plaintiff's analysis ends there, and he fails to further articulate a clearly established right. As set forth in Defendants' motion, the Plaintiff must show that the type of force claimed to be excessive was previously articulated and found to be prohibited by the courts. In essence, the Plaintiff has the burden to cite a case substantially similar to the facts in the instant case to show that Defendants were on notice that their conduct was unconstitutional. This, the Plaintiff has not done and cannot do.

Where the Plaintiff has failed to articulate a "clearly established" right that has been violated by showing that such a right has been previously present to and articulated by a court, the Defendants are entitled to dismissal of all claims alleged against them by operation of the doctrine of qualified immunity.

## CONCLUSION

The Defendants' reliance on both the <u>Heck</u> doctrine and the doctrine of collateral estoppel is appropriate in the instant case where the Plaintiff was convicted of reckless endangerment in the prior criminal proceeding and Plaintiff's success in this case would necessarily render the prior criminal conviction invalid. The Plaintiff has not and cannot show that his criminal conviction has been overturned or expunged. Thus, his claims for damages under § 1983 are not cognizable. Likewise, the Defendants are entitled to dismissal from this matter pursuant to the defense of qualified immunity. Plaintiff has not and cannot cite a case that is substantially and factually similar to the case at bar, which would show that Defendants violated a "clearly established" right. As such, Defendants are entitled to dismissal of each and every claim raised against them by Plaintiff.

Respectfully submitted,

**ORTALE, KELLEY, HERBERT & CRAWFORD**

/s/ W. Carl Spining
**W. CARL SPINING, #16302**
Attorney for Defendants
200 Fourth Avenue, North
Third Floor - Noel Place
P.O. Box 198985
Nashville, Tennessee 37219-8985
(615) 256-9999
cspining@ortalekelley.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was forwarded, via first class U.S. mail, postage pre-paid, to the attorney for the Plaintiff, Adam Wilding Parrish, 110 South Cumberland, Lebanon, TN 37122, on this the 22nd day of November, 2006.

/s/ W. Carl Spining
W. Carl Spining